## LUCAS v. THORINGTON'S ADM'R.

1. The statute of limitations will not run, so as to take from a plaintiff the benefit of a *payment* made to the defendant—there being mutual accounts between them. The statute applies only to causes of action, and then only after the right to sue has accrued.

2. *Semble*—the mere form in which a party's account is stated, should not be allowed to prejudice his rights; especially where it appears to have been made out without a regard to mercantile form.

Writ of error to the Circuit Court of Montgomery.

THE intestate of the defendant in error declared against the plaintiff in *indebitatus assumpsit.* The declaration embraced all the common counts, and the cause was tried on issues joined upon the pleas of non assumpsit, payment, set off, and statute of limitations.

Certain questions of law were reserved on the trial, at the instance of the defendant. It is shown by the bill of exceptions that the intestate's account against the defendant amounted to fifteen hundred and ninety-four 20-100 dollars; in which was embraced one item for "cash paid Bynum, $520 20." At the foot of this account is the following, viz; "I admit the correctness of the within account, with the exception of the item of $520 paid William D. Bynum, upon an order, purporting to be drawn by me, which I do not admit. March 31, 1838. HENRY LUCAS." The defendant's account against the intestate amounted to eleven hundred and two 59-100 dollars; which is admitted as follows: "The above account is correct, and I agree to allow it against my account on settlement. March 31, 1838. J. H. THORINGTON." In the defendant's account is an item charged as follows: "To cash placed in your hands to purchase Copeland's judgment, $700."

Plaintiff then adduced an order in these words: "Mr. John H. Thorington: Dear Sir—You will please send by Mr. Bynum the amount of money I left with you. I would not call

for the whole amount at this time, if I had not $700 to raise in a few days. And oblige your friend,　　　HENRY LUCAS.

Mount Meigs, May 15, 1828."

And, also, evidence tending to show that it was signed by an authorized agent of the defendant. On this order was indorsed a receipt, as follows: "Received fof John H. Thorington, five hundred and twenty dollars, U. S. Bank notes, on the above order, May 18th, 1828. W. D. BYNUM, for H. Lucas." Bynum was then introduced as a witness for the plaintiff, who testified to the receipt of the money, as expressed in the receipt, and that he was the defendant's agent. Here the plaintiff closed his testimony, disavowing all right to recover the five hundred and twenty dollar item charged in the intestate's account, but insisting on it as a payment.

The defendant then offered George C. Ball as a witness, who testified, that at the time the admissions of the respective parties were made, they were at his office, for the purpose of adjusting their respective claims. At their request, he stated the accounts adduced by them, according to the directions which each gave, in respect to his demand. Witness, at that time, first read over the account of the defendant, item by item—all which were admitted by the intestate. He then read the account of the intestate, in the same manner, and the defendant admitted it, except the item for five hundred and twenty dollars paid Bynum—about which he required an explanation. The intestate then stated it was for money paid Bynum on a draft drawn by defendant. The latter positively denied ever having drawn, or authorized the order to be drawn, that he never had received the money, or heard of its having been received by any one; that he did not believe the order had any existence, and never would pay it. The defendant also demanded its production, but the intestate excused himself by saying he could not find it.

The Court charged the jury that they need not necessarily apply the plea of the statute of limitations to the plaintiff's demand; if they believed that the item of five hundred and twenty dollars, charged in the intestate's account, was a payment of a part of the seven hundred dollars charged in the defendant's account, the statute was inapplicable.

Thereupon the defendant's counsel prayed the Court to

charge the jury that the item of $520, paid to Bynum, in the account of the intestate against the defendant, being denied, and payment refused by the latter, is subject to the bar of the statute of limitations, and no recovery could be had thereon. *Further*, that the order on the defendant, even if drawn by him, or his agent, is also barred and no recovery could be had thereon; which charge was refused by the Court. And the jury were instructed, that if they believed the $520 item, which was withdrawn as a charge, was a payment of a particular sum deposited by the defendant with the plaintiff's intestate, the statute of limitations did not apply; that as the intestate could at no time, (if the case supposed existed,) have maintained an action on the order for the money paid to Bynum, such a defence could not avail to take away the right to be allowed it as a payment. If it was a charge against the defendant, the statute would operate against it.

The defendant's counsel further prayed the Court to charge the jury, that if they believed the draft purporting to be drawn by the defendant, on the intestate, was to be paid from a particular fund in the hands of the latter, yet it would not vary the case, and under the plea of the statute of limitations, the plaintiff could not recover the disputed item in the account, nor could he recover on the order.

A verdict was returned in favor of the plaintiff, for seven hundred and twenty-six 61-100 dollars, and judgment was rendered accordingly.

A. F. HOPKINS, with whom was GEO. C. BALL, for the plaintiff in error, made the following points: 1. There was no acknowledgment by the defendant below, which would revive a cause of action against him for the disputed item of $520. [4 T. Rep. 211; Crawford, et al. v. Childress' ex'r, 1 Ala. Rep. N. S. 488; Lucas v. Thorington, 5 Ala. Rep. 504.] 2. The evidence does not show that the $520 was paid by intestate to the defendant's order, upon account of a particular sum deposited by the latter with the former; the charges of the Court upon this point, were calculated to withdraw the attention of the jury from the merits of the case, and are consequently erroneous.

J. THORINGTON, for the defendant in error, made several ob-

jections to the bill of exceptions, which are not regarded by the Court as essential to a decision of the merits of the case. He then insisted that the $520 item was shown to be a payment in part of the $700, which the defendant had previously deposited with the intestate. That the statute of limitations will not operate to deprive one of the benefit of a payment, but applies only to bar a right of action after it has accrued. [Clay's Dig. 326, § 78; Ang. on Lim. 181.] No cause of action ever accrued to the intestate, either upon the order, or for money advanced, &c. The case is now presented in an aspect very dissimilar from that it assumed at a previous term, (5 Ala. Rep. 504;) then the $520 was sought to be recovered of the defendant as a charge, and in that condition of the case, and no other, this Court held that the statute of limitations operated as a bar to its recovery.

COLLIER, C. J.—The only question raised when this cause was here at a previous term, was, whether the indorsement of the defendant on the plaintiff's account, was an admission that the excepted item of five hundred and twenty dollars was a proper charge, and a waiver of the statute upon the plaintiff's making proof of its correctness. We then held that there was nothing that amounted in law to such a promise; that so far from this being the case, the acknowledgment amounted to a protestation of the injustice of the demand, and a consequent unwillingness to pay it. The case is now presented in an aspect very different, and although our previous decision, so far as applicable, must be regarded as decisive, yet it cannot be held to exclude all evidence, except such as was offered upon the first trial, or to prevent either party from raising other legal questions applicable to the proof. To hold otherwise, might operate great injustice, more especially to the plaintiff below. On the first trial, the Court instructed the jury that the indorsements on the accounts, if proved, were sufficient to take the contested item out of the statute of limitations; and if the defendant was bound by the order, the statute should not apply to it, when it did not to the rest of the account. Here was a charge so favorable to the plaintiff, upon the law, that it was calculated to induce the belief he would, (as in truth he did,) obtain a verdict. Acting under this impression, his counsel

may have thought it most prudent not to ask an instruction touching the statute, if the five hundred and twenty dollars were regarded as a payment instead of the advance of money. But this question is now distinctly raised, both upon the evidence, and the charge of the Court, and its decision cannot be avoided.

It is admitted, or rather is not denied, by the defendant's counsel, that if the disputed item was a payment of a part of the seven hundred dollars, placed by the defendant in the intestate's hands, that it gave to the latter no right of action for its recovery. This is certainly the law, so long as their accounts remained unsettled. And in such case it is equally clear, that the statute of limitations could not so operate as to prevent the intestate from claiming the benefit of it on settlement. For the statute applies only to causes of action, and then only after the right to sue has accrued. This is a proposition so plain that it does not require the aid of authority to support it.

The manner in which the accounts of the parties appear to have been stated, by a mutual friend, does not conclusively bind the plaintiff to treat the disputed item as a charge against the defendant for money lent; but it may be considered, either as a loan, or a repayment, according as the facts may show it to be the one, or the other. The account of neither party seems to have been drawn with a particular regard to mercantile forms, and to hold either strictly bound by the terms in which their accounts have been stated, would be unreasonable, and cannot be allowed, where the ends of justice would be in any manner affected.

The ruling of the Circuit Court seems to us to have been authorized by the evidence, and is in conformity with the views we have expressed. The judgment is therefore affirmed.